IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, | : | |
| | : | No. |
| PLAINTIFF, | : | |
| | : | FILED |
| | : | HARRISBURG, PA |
| v. | : | |
| | : | APR 02 2025 |
| SUSAN E SCHWAB, and | : | PER _____ |
| JENNIFER P. WILSON, et al. | : | DEPUTY CLERK |
| | : | |
| DEFENDANTS, | : | JURY TRIAL DEMANDED |

## COMPLAINT FOR CONSTITUTIONAL RIGHTS VIOLATIONS

**AND NOW** comes Plaintiff, Hadassah Feinberg, *pro se*, and files a Complaint for Constitutional Rights Violations against Defendants Susan E. Schwab and Jennifer P. Wilson, and in support thereof avers as follows:

### I. Introduction

This brief outlines the alleged violations of constitutional rights committed by Magistrate Judge Susan E. Schwab and District Judge Jennifer P. Wilson, federal judges for the U.S. District Court for the Middle District of Pennsylvania. The violations primarily relate to the First Amendment right to free speech and the Fourteenth Amendment right to due process.

### II. Background

1

Plaintiff Hadassah Feinberg a citizen of the United States, has been subjected to judicial actions that allegedly infringe upon their constitutional rights.

On December 29, 2023, Plaintiff filed a complaint under Presiding Judge Schwab against eight Defendants, Marisa McClellan, Lisa Wheeler, Scott Smith, Kathryn Crowell, Kim Deibler, Noelle Barrett, Currin Haines-Yoder, and Marcie Smith Hadassah Feinberg v. Marcie Smith, et al. 1:23cv02165.

Plaintiff and her children were harmed by Defendants after the biological mother of four unrelated young children, abandoned them in Harrisburg City. Plaintiff, who was unprepared to care for four young children on top of her own children, took the children into her home for five days because it was an emergency and because the county defendants refused to help them, In Re: Hadassah Feinberg 1623 MDA 2024 and 1622 MDA 2024 (Pa. Super Ct.) **Exhibit A - USB**.

On October 13, 2023, Marcie Gail Smith's children were diagnosed with child abuse after they were found unclothed, soiled in feces, and abandoned by their mother. Plaintiff helped the children for five days, but at no time agreed to foster them, was not being paid a per diem rate for the children. There was no binding legal contract, and anything Plaintiff did for

2

the children was solely a favor. Plaintiff repeatedly informed the Defendants that eight children in her home as a single mother was unsustainable and that they needed to find placement for the children. This went on for five days.

On October 16, 2023, a dispute arose between Plaintiff and the county defendants when she refused to accept their kinship placement with Families United. Later that evening Plaintiff filed a Whistleblower Complaint to the State and Governor informing them that the county employees were failing to assist the Smith children.

On October 17, 2023, while the Smith children were under medical attention at Penn State, Plaintiff informed the county employees that she would not assist them any longer and that they had two hours to arrange transportation for the Smith children to their agency. The county employees refused to assist the children and left them at the hospital despite the Defendants taking custody of the children on October 16, 2023, and receiving Title IVE federal funds.

Plaintiff advised with a social worker at Jewish Family Services, Rachel Kuhr, regarding the dilemma. They agreed that Plaintiff would leave the hospital, get her own children, while the Smith children remained in the

safe care of medical staff until the Defendants picked them up from the hospital.

To conceal their crimes and retaliate against Plaintiff, the Defendants targeted Plaintiff and her own children the following day by filing a complaint against Plaintiff's special needs child's safety bed. On October 18, 2023, the county employees abused their authority and fabricated an unsubstantiated referral against Plaintiff's child's safety bed. They claimed Plaintiff's child was being locked in a "tent". Plaintiffs' autistic child was prescribed a safety bed by his psychiatrist in 2022. **Exhibit B**.

The Defendants received documentation on October 13, 2023, and knew Plaintiffs son was autistic. They were never concerned. Plaintiff had fostered with their agency for three years and they never complained about his medical devices. On October 25, 2023, Plaintiff also provided the documentation for the bed to Carrie Self, an investigator from OCYF. **Exhibit C**.

On November 3, 2023, the Defendants intentionally filed a fraudulent Dependency Petition again falsifying that Plaintiff's child was being locked in a "tent" to obtain a fraudulent warrant from the court without evidence. Instead of telling the court he was utilizing his safety prescription bed, they falsified statements on official record to retaliate against Plaintiff.  In their

4

fake Petition, they also claimed that no hospital had indicated the Smith children with abuse, which was a lie. They kidnapped Plaintiff's children through fraud and retaliation. They tried to conceal evidence to discredit Plaintiff's whistleblower complaint against them.

Instead of doing their job with the Smith children, they placed the Smith children back on October 17, 2023, with the mother that abandoned them on October 12, 2023, and targeted Plaintiff and her children. When Plaintiff filed a Whistleblower Complaint the county employees were copied on it. **Exhibit D**. Therefore, when they filed false allegations against her two days later, on October 18, 2023, it was purely retaliation for her exposing their crimes. Plaintiff attached exhibits multiple times for Judge Schwab to prove the county employees wrongful acts. Judge Schwab intentionally ordered Plaintiff sua sponte to Amend her Complaint twice and then threatened her for attaching material exhibits which resulted in Plaintiff removing them.

During a conference in March 2024, Judge Schwab misadvised Plaintiff to remove two defendants crucial to the case, Kathryn Crowell and Marcie Gail Smith, to destroy Plaintiffs legal argument. Plaintiff, pro se, adhered to Judge Schwab naively.

5

Judge Schwab unconstitutionally threatened to sanction Plaintiff three times. First, she threatened to sanction Plaintiff for attaching material exhibits because of the volume, despite them being material to the facts. Plaintiff was fearful and removed all the exhibits which hindered the case. Second, Judge Schwab threatened Plaintiff not to contact the law clerk and third, not to contact the Clerk of Court about her redacted address. While opposing counsel, Donald Lee Carmelite, harassed her and other litigants, Plaintiff could not inform the Court because of Judge Schwab's threats.

Plaintiff respectfully requested to recuse Judge Schwab on record, but Judge Schwab denied the recusal in bad faith. Plaintiff then asked Judge Schwab to amend her complaint so she could attach her evidence and it was denied.

Instead, Judge Schwab targeted Plaintiff to assist opposing counsel engaging in fraud, corruption, and obstruction of justice. The Defendants in the case are under federal investigation for fraud, and Judge Schwab attempted to help them conceal the crimes by misadvising Plaintiff legally and tricking her because she is self-represented with little legal knowledge.

Plaintiff was wrongfully threatened three times, while opposing counsel, Donald L Carmelite, has never been threatened by Judge Schwab despite his ongoing harassment of Plaintiff and threats.

Judge Schwab has violated Plaintiffs constitutional rights. There is a large rico lawsuit that is active at the Pennsylvania Commonwealth Court regarding the county defendant's fraud and corruption, see <u>Hadassah Feinberg, et al. v. Scott A. Evan's, et al.</u>, 402 MD 2024. It has been confirmed by the Federal Bureau of Investigation, that the Defendants are under investigation for fraud and corruption. **Exhibit E**.

Plaintiff demanded a Jury Trial since her case was lodged on December 29, 2023. Judge Schwab is trying to impede that right and acting as fact finder despite never commencing an evidentiary hearing. Her Report and Recommendation has no evidence to support it. She also claims that she doesn't understand Plaintiff's Second Amended Complaint yet gives her no opportunity to fix it. Plaintiff was never contracted to foster the smith children, had no legal obligation to the Smith children, and there was never reasonable cause for a fraudulent investigation to be lodged against her and her children.

Furthermore, the county Defendants never had the right to remove her children when they made everything up without probable cause. The Supreme Court has ruled that a state cannot come into a person's home and take their children without probable cause. All of the county defendants' claims were dismissed by a Cumberland County Court Judge

on November 16, 2023. Plaintiffs' children were not adjudicated Dependent. Plaintiff was never charged with abandonment of the Smith children, because she had no duty to provide care, did not abandoned them, and was not their foster mother.

Plaintiff and her children were harmed by Defendants retaliation and organized crime. Judge Schwab is assisting them in covering it up. Plaintiff gave Judge Schwab the benefit of the doubt. However, her actions are preposterous, and a clear violation of Plaintiffs constitutional rights. Judge Schwab has been reportedly fixing cases for many years and is acting as a Defense attorney for government litigants. **Exhibit F.**

### III. Allegations of Constitutional Violations

### 1. First Amendment Violation:

The plaintiff claims that Judge Schwab engaged in actions that suppressed their right to free speech. Specifically, Plaintiff was fearful to attach her exhibits because Judge Schwab threatened to sanction her repeatedly. The exhibits were material to Plaintiff's factual allegations, and without them, she cannot prove her case. Judge Schwab abused her authority to misguide Plaintiff and dismiss the case with prejudice. Judge Schwab also told Plaintiff that she had articulated her claims well, but then denied her statements in her Report and Recommendations. During the

conference Judge Schwab also asked Plaintiff if she is recording the conference to ensure that Plaintiff would not be able to use it later for court or a criminal investigation. Judge Schwab told opposing counsel that he should pick her "because you don't know who you'll get." At the time, Plaintiff had no idea that Judge Schwab was favoring opposing counsel's cases which she discovered through public record at a later date.

Judge Schwab was informed that Plaintiff was being harassed by opposing counsel and that he had intentionally filed her redacted address to the record. She did not refer him to the disciplinary board, and it took months for her to seal the records. Furthermore, even after she went ahead and sealed Plaintiffs address, opposing counsel threatened to file Plaintiff's address again on the record and Judge Schwab did not threaten to sanction him. Judge Schwab wrongfully punished and retaliated against Plaintiff for trying to recuse her and is trying to dismiss Plaintiff's lawsuit despite overwhelming evidence on record, and public record. Plaintiff and her children suffered immeasurably. Plaintiff exhausted over $10,000 in debt to bring a civil rights lawsuit, only to have it fraudulently dismissed through constitutional violations.

Judge Schwab was also informed that Defendants were withholding evidence and that much of the material evidence was not received until

after the Second Amended Complaint was filed, e.g. Childline Records. She ignored all Plaintiffs statements and did not review the case in light most favorable to the Plaintiff as required. Judge Schwab knows that Plaintiff has physical evidence to prove the facts of her case and is willfully concealing it and violating Plaintiffs rights. Plaintiff is afraid of Judge Schwab but needs to bring this to the court's attention. Judge Schwab's actions limited the plaintiff's ability to express themselves or present their case, e.g., interrupting, dismissing comments without consideration, etc.].

Judge Schwab's behavior created a chilling effect on the plaintiff's ability to participate fully in the judicial process, thereby infringing on their First Amendment rights. Plaintiff has objected to her Report and Recommendations, plans to appeal, and wants to raise accountability with this lawsuit.

## 2. Fourteenth Amendment Violation:

  - Due Process: The plaintiff asserts that Judge Susan E Schwab acted in a manner that deprived them of their right to due process. This includes denying Plaintiff to amend her complaint with material evidence, denial of a fair conference, hearing, and jury trial, bias, lack of impartiality, or failure to consider evidence on the record and on other public records at the Pennsylvania Commonwealth Court, see Feinberg v. McClellan, et al. 402

MD 2024. Judge Schwab is targeting Plaintiff by making baseless claims that she was a foster mother that abandoned her foster children at a hospital. There was no evidence on record to support that, quite the contrary. Plaintiff never agreed to foster the Smith children and refused to take on legal responsibility of the children. Plaintiff ensured that the children were properly treated and were under safe and proper supervision of medical providers because the county employees refused to help the children.

- Equal Protection: The actions of the judge may also reflect a denial of equal protection under the law, particularly if it can be shown that similar cases were treated differently or that the judge's actions were influenced by impermissible factors. Yvonne Wolski-Worman, is also litigating a civil rights lawsuit in this Court. She has taken similar actions as Plaintiff and has not been threatened repeatedly by her federal judge. None of her evidence is being stricken and it is the same evidence.

A Motion 12(b)6 should only be dismissed with prejudice if claims are futile. Here Judge Schwab, is ignoring most of Plaintiff's claims, not addressing them, making up facts that don't exist, and ignoring all the evidence to help the county. A dismissal under 12(b)6 is considered a last resort which is harsh. Plaintiff can prove the facts in her Complaint with

evidence, and Judge Schwab is intentionally ruining it. All of the factual claims which have evidence to support them are being ignored and improperly dismissed by Judge Schwab. Instead Judge Schwab is favoring the Defendants who have no evidence attached to their Brief's, engaged in public corruption, fraud, obstruction of justice, and civil rights violations.

Plaintiff fears retaliation by Judge Schwab and is also requesting an injunction barring her from taking retaliatory legal action against Plaintiff for filing this lawsuit. Plaintiff and other victims had to flee the Pennsylvania Commonwealth in 2023 because of corruption by the Defendants. Judge Schwab is abusing her authority and colluding with Defendants. Her actions should be reviewed for an abuse of discretion, fraud, *ex parte* communication, bias, prejudice, etc. Also, Judge Wilson has ignored all communications requesting a review of Judge Schwab. She oversees her on the federal case and has failed to correct her abuse of discretion.

## IV. Legal Standards

- The First Amendment guarantees the right to free speech, which extends to all individuals, including those involved in legal proceedings.
- The Fourteenth Amendment mandates due process, ensuring that individuals are afforded fair treatment in legal matters.

## V. Conclusion

Judge Schwab's actions, as detailed above, constitute a violation of the plaintiff's constitutional rights. It is imperative that the judicial system maintains integrity and upholds constitutional protections for all individuals. The plaintiff seeks specific remedies, e.g., reversal of the judge's decisions, monetary damages in the amount of $350,000, disciplinary action against the judge, etc.].

## VI. Parties

1. Plaintiff, Hadassah Feinberg, resides in the State of Florida. Her physical address is redacted and her mailing address is P.O. Box 745, Penney Farms, Fl. 32079.

2. Defendant Susan E. Schwab is a Magistrate Judge at the U.S. District Court for the Middle District of Pennsylvania. The address is 228 Walnut St, Harrisburg, PA 17101.

3. Defendant Jennifer P. Wilson is a District Judge at the U.S. District Court for the Middle District of Pennsylvania. The address is 228 Walnut St, Harrisburg, PA 17101.

## VII. Jurisdiction and Venue

This Court has Jurisdiction because the Defendants reside and or are employed in the Pennsylvania Middle District. Plaintiff resides in the State of Florida. This is an action that arises under the First and Fourteenth

Amendments. This Court has jurisdiction because the Defendants are in Pennsylvania's Middle District. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b). Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because majority of the events giving rise to this claim occurred in Dauphin County.

## VIII. Prayer for Relief

The plaintiff respectfully requests that the court Grant Plaintiff's requests, such as a review of the judge's actions, a hearing on the matter, or any other appropriate remedy.

Dated: March 25, 2025

Respectfully submitted,

*Hadassah Feinberg*
Hadassah Feinberg
P.O. Box 745
Penney Farms, Fl. 32079
352-514-5335

cc: Judge Brann
228 Walnut St,
Harrisburg, PA 17101

Federal Bureau of Investigation
Director Kash Patel and Dan Bongino
601 4th St NW,
Washington, DC 20535

Department of Justice
Attorney General Pamela Bondi
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

## **CERTIFICATE OF SERVICE**

I the undersigned certify that on March 25, 2025, I filed a true and correct copy of the foregoing *COMPLAINT, SUMMONS, APPLICATION FOR IN FORMA PAUPERIS, AND TABLE OF CONTENTS,* by USPS Certified Mail upon the following individuals:

Judge Susan E. Schwab
228 Walnut St,
Harrisburg, PA 17101

Judge Jennifer P. Wilson
228 Walnut St,
Harrisburg, PA 17101

Dated: March 25, 2025              Respectfully submitted,

*Hadassah Feinberg*
Hadassah Feinberg
P.O. Box 745
Penney Farms, Fl. 32079
352-514-5335

## **CERTIFICATE OF COMPLIANCE**

We, the undersigned, hereby certify that this *Complaint* complies with the word limitation of 5,000 words. Excluding the cover page, tables, certifications, and Exhibits, this brief contains 2639 words as calculated by Microsoft Word.

Dated: March 25, 2025                Respectfully submitted,

*Hadassah Feinberg*
Hadassah Feinberg
P.O. Box 745
Penney Farms, Fl. 32079
352-514-5335

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents* differently than non-confidential information and documents.

Dated: March 25, 2025                    By:

                                        Hadassah Feinberg - Plaintiff
                                        P.O. Box 745
                                        Penney Farms, Fl 32079

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HADASSAH FEINBERG, | : |
| | : No. |
| PLAINTIFF, | : |
| | : |
| v. | : |
| | : |
| SUSAN E SCHWAB, and | : |
| JENNIFER P. WILSON, et al. | : |
| | : |
| DEFENDANTS, | : *JURY TRIAL DEMANDED* |

## TABLE OF CONTENTS

COMPLAINT ................................................................................. 1-13

CERTIFICATE OF SERVICE ................................................................ 14

CERTIFICATE OF COMPLIANCE ........................................................ 15

EXHIBIT ............................................................................................ A

EXHIBIT ............................................................................................ B

EXHIBIT ............................................................................................ C

EXHIBIT ............................................................................................ D

EXHIBIT ............................................................................................ E

EXHIBIT ............................................................................................ F






Retail
U.S. POSTAGE PAID
PM
PENNEY FARMS, FL 32079
MAR 25, 2025
$19.70
17101
RDC 03
S2324P500243-01

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL

CERTIFIED MAIL
7022 0410 0000 0852 9217

FROM:
Feinberg
P.O. Box 745
Penney Farms, Fl 32079

TO:
U.S. District Court for
the Middle District
Pennsylvania
228 Walnut St.
Harrisburg, Pa 17101

PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

INSURED

EP14 July 2022
OD: 15 x 11.625

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE